IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FELLOWES, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 11 C 6289 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **CHANGZHOU XINRUI FELLOWES** | ) | |
| **OFFICE EQUIPMENT CO. LTD. a/k/a** | ) | |
| **FELLOWES MANUFACTURING** | ) | |
| **(CHANGZOU) CO. LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

After obtaining a temporary restraining order, Fellowes, Inc. filed a motion for a preliminary injunction, which the Court referred to the magistrate judge. The magistrate judge conducted a hearing on September 22, 2011, and on September 26, 2011, issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for preliminary injunction be granted. Both Plaintiff Fellowes, Inc. and Defendant Changzhou Xinrui Fellowes Office Equipment Co. Ltd. a/k/a Fellowes (Changzhou) Co. Ltd. filed timely objections to the R&R. For the reasons set forth below, this Court adopts the magistrate judge's R&R to the extent that it recommends granting the preliminary injunction, but respectfully declines to accept the recommendation with regard to bond. Accordingly, Plaintiff's motion for a preliminary injunction is granted.

**I.    Background**

Plaintiff is a privately-owned global manufacturer based in Illinois, and Defendant is a limited liability company owned and organized under the laws of China. (R&R, Dkt. # 25, at 2.) Defendant is a joint venture between Fellowes Hong Kong Ltd. and Jiangsu Shinri Machinery

Co (Jiangsu). (*Id.*) The instant case is the result of a dispute between Plaintiff and Defendant regarding the payment and delivery of several hundred purchase orders for hundreds of thousands of units of paper shredders and other office products. (*Id.*) As a result of a conflict between Fellowes Hong Kong and Jiangsu, Jiangsu stopped all shipments from Defendant to Plaintiff, including the shipments to fill pending purchase orders. (*Id.*) Plaintiff was forced to cancel thousands of orders from third parties and to expend resources to find replacement manufacturers. (*Id.*) Moreover, as a result of Defendant's actions, Plaintiff refused to pay invoices from Defendant on previously filled orders. (*Id*. at 3.) Plaintiff claims that it is contractually entitled to set off the damages incurred from Defendant's failure to ship goods by non-payment of the Defendant's invoices. (*Id.*)

Due to this dispute over the purchase orders, Defendant initiated a lawsuit in China seeking payment on the invoices ("Chinese lawsuit"). (*Id.*) Plaintiff then filed the current lawsuit, alleging breach of contract and seeking declaratory relief and an antisuit injunction. (*Id*.) After this Court granted Plaintiff a temporary restraining order, enjoining Defendant from acting in furtherance of the Chinese lawsuit, Plaintiff moved for a preliminary injunction seeking to enjoin Defendant from proceeding with the Chinese lawsuit. (*Id.*)

The foundation for Plaintiff's request for a preliminary injunction is the Terms and Conditions of purchase included with Plaintiff's purchase orders to Defendant. The purchase orders include a statement that "[c]ommencement of work or shipment of goods, whichever shall occur first, constitutes acceptance by Seller of Fellowes' standard Terms and Conditions." (Pl.'s Mem. Supp. Prelim. Inj., Dkt. # 14, Ex. B at 3.) The Terms and Conditions contain several clauses pertinent to this case. First, the Governing Law section contains a forum selection clause

2

stating that any legal action arising out of the agreement or transactions contemplated by the agreement shall be brought in the United States District Court in the Eastern Division of the Northern District of Illinois or the Circuit Court of Cook County. (*Id.* at 41.) Second, the Governing Law section also contains a clause that waives any bond or other security that might be required of either the Buyer or Supplier in the event of litigation. (*Id.* at 42.) Plaintiff seeks to enforce the forum selection clause and the bond waiver contained in the Terms & Conditions.

Prior to addressing the merits of the parties' objections, the Court notes that a separate arbitration proceeding is ongoing in China between Fellowes Hong Kong and Jiangsu, the partners in the joint venture. (Def.'s Obj., Dkt. # 50, at 11.) Specifically, Fellowes Hong Kong and Jiangsu have been involved in a dispute regarding the profitability of the joint venture since 2009. (*Id.*) In early 2011, Jiangsu filed an arbitration request pursuant to the arbitration clause in the joint venture agreement requesting financial distributions owed to Jiangsu as a result of Fellowes Hong Kong's failure to operate the joint venture at the required profit margin. (*Id.* at 12.) Fellowes Hong Kong responded that Jiangsu was in breach of the joint venture agreement because it was responsible for blocking shipments to Plaintiff and hiring guards to control the factory gates. (*Id.*) Thus, while the arbitration touches upon the failure of the Defendant to fulfill purchase orders by Plaintiff, which is at issue in this case, the arbitration proceeding is between the joint venture partners (*i.e.*, the Defendant in this case) and is independent of the current action. (*Id.* at 18.)

3

**II.     Discussion**

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b).

Plaintiff objects to two matters within the R&R. First, Plaintiff requests that the preliminary injunction be granted against "Changzhou Xinrui Fellowes Office Equipment Co. Ltd. a/k/a Fellowes Changzhou Co. Ltd.," instead of "Fellowes Business Machines (Changzhou Co. Ltd. a/k/a Changzhou Xinrui Fellowes Office Equipment Co. Ltd." as stated in the R&R. (Pl.'s Obj. Dkt. # 39, at 2.) As the name of Defendant has been changed in both Plaintiff's amended complaint and the temporary restraining order, this order will reflect the appropriate name as well; thus, this objection is sustained. Plaintiff also asserts that it need not post any security to obtain a preliminary injunction.

Defendant objects to the R&R on several other grounds. First, Defendant contends that a preliminary injunction is inappropriate because it did not receive proper notice of the preliminary injunction hearing under Federal Rule of Civil Procedure 65(a)(1). Second, Defendant asserts that the R&R improperly found that Plaintiff had a likelihood of success on the merits. Finally, Defendant asserts that, contrary to the finding in the R&R, it would suffer harm as a result of the preliminary injunction. The parties' objections are addressed in turn.

    A.     <u>Plaintiff's Objections</u>

        1.     *Posting of bond*

Plaintiff asserts that it should not be required to post an injunction bond because: (1) Defendant has agreed to forego its right to any security from Plaintiff by accepting the Terms &

Conditions, and (2) Defendant will not be harmed by the injunction, thus any security is unnecessary.[1]

Generally, a court may issue a preliminary injunction only if the movant gives security in an amount that the court considers proper to pay for the costs and damages sustained by any party that has been wrongfully enjoined. Fed. R. Civ. P. 65(c). The amount of security required is a matter for the discretion of the trial court. *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.* 646 F.3d 424, 428-429 (7th Cir. 2011). When the parties have agreed in a contract to waive their entitlement to an injunction bond, a court may properly set the bond at zero, though "judges should take account of the risk their deeds create." *Id.* at 428. In this case, Defendant accepted the Terms & Conditions of Purchase, which clearly state that "Buyer and Supplier…waive[] any bond, surety, or other security that might be required of either Buyer or Supplier." (Pl.'s Mem. Supp. Prelim. Inj., La Londe Decl., Ex. 1, Terms & Conditions of Purchase, Dkt. # 14-5.)[2] Thus, the bond is properly set at zero.

Additionally, an injunction bond is unnecessary because Defendant cannot demonstrate that Plaintiff's failure to post bond will cause it harm. The purpose of an injunction bond in a

---

[1] Defendant does not respond to Plaintiff's objection that it should not be required to post bond.

[2] Defendant's assertion that no record facts support a finding that it accepted the Terms & Conclusions ignores the affidavit of Brent LaLonde (Dkt. # 14-5), the Senior Supply Chain Manager in Plaintiff's Purchasing Department. LaLonde attests that he is responsible for issuing purchase orders to Defendant and confirming acceptance of those purchase orders, that the Terms and Conditions are included in all purchase orders issued by Fellowes, and that the purchase orders at issue were issued by Fellowes and accepted by Defendant. (*Id*. ¶¶ 2-5.) LaLonde's affidavit is uncontested by Defendant. Moreover, Defendant's contention that it did not accept the Terms & Conditions rings hollow in light of the fact that it has filed suit in China to receive payment for orders which contain the Terms & Conditions.

preliminary injunction is to compensate a defendant for the harm caused by the injunction in the event that the defendant prevails on the merits. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002). Generally, a court should "err on the high side" when setting an injunction bond. *Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir. 2000). Here, however, despite being given the opportunity to do so, Defendant failed to respond to Plaintiff's objection that no bond is required. Nor can the Court discern any monetary harm to the Defendant in requiring it to litigate in the agreed-upon forum.

Indeed, when a court issues a preliminary injunction to preserve its jurisdiction, no security is required. *Pro Batter Sports, LLC v. Joyner Techs., Inc.*, 463 F. Supp. 2d 949, 958 (N.D. Iowa 2006) ("[I]f the injunction is designed to aid and preserve the court's jurisdiction over the subject matter involved, security is not required."). In this case, because the Court is acting to preserve its jurisdiction as agreed to by the parties, a bond is not required.

     B.    Defendant's Objections

          1.    *Notice*

Federal Rule of Civil Procedure 65(a)(1) provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Defendant first contends that notice was improper because it did not receive service of process pursuant to the Hague Convention on International Service. But Rule 65 expressly requires only notice, not service of process. *S.E.C. v. Kimmes*, 753 F. Supp. 695, 700-01 (N.D. Ill. 1990) ("[I]n the context of preliminary injunctive relief such as that granted by the Order, that requirement must be read simply in terms of notice to the enjoined party . . . rather than as demanding the existence

of in personam jurisdiction via service of process"). Therefore, this Court finds that service of process under the Hague Convention is not required for sufficient notice.

Alternatively, Defendant asserts that it did not receive sufficient notice under Rule 65(a)(1). Notice must be "'reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *People ex re. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). An analysis of the sufficiency of notice must look to the totality of the circumstances to determine if notice was reasonable. *Id.*

In this case, the Court concludes that the notice provided by Plaintiff was reasonable. First, on September 9, 2011, Plaintiff e-mailed the complaint and the temporary restraining order to two e-mail addresses used during the ordinary course of business with Defendant. (Pl.'s Reply, Dkt # 52, Group Ex. A.) The subject line on the e-mail reads "ATTN: Zhou Licheng–Fellowes, Inc. v. Fellowes Business Machine (Changzou) Co. Ltd. a/k/a Changzou Xinrui Fellowes Office Equipment Co." (*Id.*) Defendant listed Zhou Licheng as its president and legal representative in its Chinese lawsuit complaint filed against Fellowes in June 2011. (Compl., Dkt. # 1, Ex. D.) Mr. Zhou is also listed as the legal representative of the Defendant-joint venture in the Cooperative Joint Venture Contract, which established the joint venture. (Def.'s Obj., Ex. A-1, Dkt. # 50-1, at 2.) One of the e-mail addresses to which the September 9, 2011 e-mail was sent, cpczlc@jsmail.com.cn, is listed on Mr. Zhou's business card. (Pl.'s Reply, Dkt. #52-2, Ex. B.)

Plaintiff also e-mailed a letter on September 14, 2011 to Mr. Zhou at the same e-mail address listed above, notifying him of the September 22, 2011 preliminary injunction hearing

and attaching a copy of the temporary restraining order. (Pl.'s Reply, Dkt # 52, Group Ex. A.) The letter was also e-mailed to Mr. Zhou's lawyer, Mr. Kuang He. (*Id*.)[3] Moreover, Plaintiff hand-delivered to Mr. Zhou a copy of the temporary restraining order, which contained the date of the preliminary injunction hearing, on September 20, 2011. (Pl.'s Mem. Am. TRO, Dkt. #30-2, Ex. B, He Decl. ¶ 3.) In addition, on September 21, 2011, the notice of motion and memorandum in support of the temporary restraining order and the notice of motion and memorandum in support of the preliminary injunction were hand-delivered to Mr. Zhou. (*Id*. ¶ 5.) Plaintiff received confirmation from the courier service that these deliveries were made. (*Id*. ¶¶ 4, 6, 8.)

Defendant asserts that delivery to Mr. Zhou was insufficient because the documents were not in Chinese. Notably, despite arguing that the lack of a Chinese translation "clearly impacts the quality of the service" (Def.'s Obj., Dkt. # 50, at 12), Defendant does not state, nor does Mr. Zhou attest, that he was unable to read the documents or could not have them translated in sufficient time to have at least contacted Plaintiff prior to the hearing.

Finally, Defendant's assertion that two days' notice of the hearing is insufficient as a matter of law is unpersuasive in light of the evidence here which establishes that Defendant had at least eight days' notice. Indeed, even assuming that Defendant had only two days' notice, which it acknowledges, Defendant fails to indicate why it did not contact Plaintiff to request a short extension on the hearing date or why it did not or could not make formal application to the

---

[3] Despite challenging Plaintiff's method of notifying Defendant of the preliminary injunction hearing, it is telling that Defendant never states that Mr. Zhou and Mr. Kuang failed to receive the e-mails.

court for more time. Contact information for counsel for Plaintiff was clearly provided on the e-mails and letters described above.

The Court concludes that Plaintiff's notice to Defendant of the preliminary injunction hearing was reasonable.

2. *Likelihood of Success*

Defendant next seeks to challenge the merits of the magistrate judge's conclusions in the R&R by submitting evidence and arguments to this Court. Plaintiff contends this is inappropriate because the magistrate judge's role is to conduct a hearing and accept evidence, and, therefore, a party cannot raise new arguments and evidence that were not presented to the magistrate judge. While this is generally true, *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000), the Court will consider the Defendants' arguments as they are ultimately unavailing.

Generally, a party seeking a preliminary injunction must show: (1) some likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm to the movant if the relief is not granted. *Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002). More specifically, to prove some likelihood of success on the merits in the case of a foreign antisuit injunction, the movant must establish that the parties and issues in both proceedings are the same, and the resolution of the first action would be dispositive of the action to be enjoined. *Zimnicki v. Neo-Neon Int'l, Ltd.,* No. 06 C 4879, 2009 WL 2392065 at *2 (N.D. Ill. Jul. 30, 2009). Additionally, the movant must demonstrate that the balance of domestic interests, such as the prevention of vexatious litigation, outweighs concerns regarding international comity. *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993).

A.      Enforceability of Terms & Conditions[4]

Defendant contends that Plaintiff cannot prove a likelihood of success on the merits because the instant case should be dismissed for lack of joinder of necessary parties under Federal Rule of Civil Procedure 19.  Specifically, Defendant claims that Jiangsu Shinri Machinery Co (Jiangsu) and Fellowes Hong Kong, the parties that comprise the Defendant joint venture, must be joined because they are currently in arbitration regarding the Terms & Conditions in China.  According to Defendant, if these parties are not joined in the instant lawsuit, they will be unable to protect their interests with respect to the enforceability of the Terms & Conditions.

For joinder of a party to be necessary such that a case should be dismissed, that party must first be determined to be a "required" party.  Fed. R. Civ. P. 19(a)(1).  A party is required if "that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may… as a practical matter impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a)(2).  Fellowes Hong Kong and Jiangsu do not meet this requirement because, as Plaintiff notes, the Terms & Conditions in Plaintiff's purchase orders to Defendant (the joint venture) do not govern the rights between the joint venture partners themselves.  Indeed, Defendant's position that Fellowes Hong Kong and

---

[4] To the extent that Defendant makes the tangential argument that the Terms & Conditions are unenforceable for various reasons, these are rejected as the Court has already concluded that Defendant accepted the Terms & Conditions in Plaintiff's purchase orders. Indeed, Defendant's mirror image lawsuit in China seeks payment for product it manufactured based on its acceptance of these purchase orders which include the Terms & Conditions Defendant now challenges.

Jiangsu must be joined in the instant lawsuit is belied by the fact that Defendant did *not* name these parties in its mirror-image Chinese lawsuit against Plaintiff.

While the joint venture partners, Fellowes Hong Kong and Jiangsu, are currently involved in arbitration regarding a profit clause within their joint venture agreement, this issue is independent of the instant dispute regarding the joint venture's failure to ship product to Plaintiff. For these reasons, the Court rejects Defendant's argument that Fellowes Hong Kong and Jiangsu are required parties.

### B. Abstention on Grounds of International Comity

Defendant also contends that Plaintiff cannot demonstrate a likelihood of success on the merits because international comity dictates that the Court should abstain until the Chinese arbitration has been resolved. When issuing a foreign antisuit injunction, the Court must weigh domestic judicial interests such as the prevention of vexatious and oppressive litigation and the need to protect the court's jurisdiction against concerns of international comity. *U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, No. 07-C 3598, 2007 WL 2915647, at *21 (N.D. Ill. Oct 4, 2007). Defendant must also provide some proof that issuance of the preliminary injunction will impair foreign relations. *Id.*

The Court agrees with the magistrate judge's finding that there are no significant issues of international comity present in this case. (R&R, Dkt. # 25, at 8.) Defendant has not demonstrated that foreign relations will be impaired in any way if the Court issues an antisuit injunction. Second, the important public policy of protecting forum selection clauses prevails over any concerns regarding international comity. *See E & J Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991 (9th Cir. 2006) ("[W]here private parties have previously agreed to

11

litigate their disputes in a certain forum, one party's filing first in a different forum would not implicate comity at all."). Forum selection clauses are an important part of international trade and should control absent strong evidence to the contrary. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("[I]n the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside.")

Defendant's attempts to show that the Terms & Conditions are unconscionable are unpersuasive. While asserting that the Terms & Conditions were inconspicuous, Defendant fails to point to any record evidence suggesting that it was unaware of the Terms & Conditions based on their lack of conspicuousness or visibility. Defendant also asserts that the Terms & Conditions were not approved by the Jiangsu-appointed board members. Again, however, Defendant fails to point to any record evidence requiring that all board members approve the Terms & Conditions of the purchase orders issued by Plaintiff. Finally, Defendant asserts that the purchase orders were "completely controlled by Fellowes" (Def.'s Obj., Dkt. # 50, at 21) because they were transmitted from Plaintiff to an employee of the Defendant who was appointed by Fellowes Hong Kong. But Defendant's implication of an underhanded plot to hide the Terms & Conditions from Defendant is completely devoid of support. No record evidence suggests that the purchase orders and the Terms & Conditions contained therein were anything other than "freely negotiated international commercial transactions" between established businesses. *See M/S Bremen* 407 U.S at 17.

Finally, Defendant's claim that this forum is inconvenient is a non-starter in light of Defendant's repeated acceptance of the Terms & Conditions contained in the purchase orders it

12

has processed. *Abbott Labs. v. Takeda Pharm. Co. Ltd.*, 476 F.3d 421, 426 (7th Cir. 2007) ("When it signed the 1985 agreement, Abbott . . . could and no doubt did consider the potential inconvenience of litigating in Japan, but decided to risk it. It is bound by its choice.").

For these reasons, the Court rejects Defendant's argument that Plaintiff has no reasonable likelihood of success on the merits due to concerns regarding international comity.

### 3. *Harm to Defendant*

When deciding whether to grant a preliminary injunction, it is important for the Court to consider any irreparable harm to Defendant that could not ultimately be cured by Defendant prevailing on the merits. *Roland Mach. Co. v. Dresser Ind., Inc.,* 749 F.2d 380, 387 (7th Cir. 1984). Defendant asserts that the magistrate judge incorrectly found that Defendant would suffer no harm as a result of the preliminary injunction. According to Defendant, the contract that governs the joint venture between Jiangsu and Fellowes Hong Kong subjects the joint venture to Chinese law, and forcing Defendant to litigate outside of that forum with an affiliate of Fellowes Hong Kong would damage Defendant's right to litigate in China. *Id*.

But Plaintiff is not a party to the joint venture agreement between Fellowes Hong Kong and Jiangsu and therefore has no obligation to honor any choice of law or forum selection clause contained in the joint venture agreement. Defendant's acceptance of the Terms & Conditions contained in the purchase orders with Plaintiff requires that it litigate any claim related to those purchase orders in this district. Accordingly, this Court agrees with the R&R that a preliminary injunction requiring Defendant to litigate in this forum threatens no irreparable harm to Defendant.

### III. Conclusion

For the reasons set forth above, the Court adopts the recommendation of the magistrate judge with respect to the merits of the preliminary injunction motion, but declines to adopt the recommendation as to the amount of bond. Accordingly, the Court grants Plaintiff's motion for a preliminary injunction [12-1], but Plaintiff is not required to post bond.

Defendant, its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them who receive actual notice of this order are preliminarily enjoined from taking any action in furtherance of the Chinese Lawsuit. This order will remain in full force and effect until a final hearing is held on the Plaintiff's claim for permanent injunctive relief.

**Date**: August 16, 2012

**Ronald A. Guzman**
**United States District Judge**